IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CORPORATE LODGING CONSULTANTS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FORMAN INDUSTRIES, INC. D/B/A FI COMPANIES,**<br><br>**Defendant.** | Case No. 22-1139-DDC-GEB |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff Corporate Lodging Consultants, Inc.'s (CLC) Motion for Default Judgment (Doc. 10).  Plaintiff asks the court to enter a default judgment under Fed. R. Civ. P. 55(b) because defendant Forman Industries, Inc. d/b/a FI Companies (FI Companies) has failed to file an Answer or other responsive pleading within 21 days after service, as Fed. R. Civ. P. 12(a)(1)(A)(i) requires.  For reasons explained below, the court construes plaintiff's motion as a request that the Clerk enter default on the docket, as required by step one of Fed. R. Civ. P. 55.

Plaintiff's request asks the court to proceed directly to default judgment, but this doesn't comply with the "two-step process" mandated by Fed. R. Civ. P. 55.  *See Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 (10th Cir. 2014).  First, a party seeking a default judgment must inform the Clerk of the Court "by affidavit or otherwise" that the opposing party has failed to plead or otherwise respond, and then must request that the Clerk enter default on the docket.  Fed. R. Civ. P. 55(a).  Second, after the Clerk's entry of default, the party may move the court for default judgment.  Fed. R. Civ. P. 55(b)(2).  Here, plaintiff has not asked the Clerk to enter default under

1

Rule 55(a). Thus, plaintiff's motion for a default judgment is premature. To avoid an additional filing, the court construes this motion as a request that the Clerk enter a default on the docket. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (affirming district court's decision to deny plaintiff's request for a default judgment because, among other things, plaintiff was not entitled to default judgment when the clerk had not yet entered default under Rule 55(a), which is a "prerequisite for the entry of a default judgment under Rule 55(b)(1)"). And so, the court grants that limited request. The court thus orders the Clerk to enter a default against defendant FI Companies.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Default Judgment (Doc. 10) is granted in part and denied in part. The court denies plaintiff's request for a default judgment as premature. Instead, the court construes plaintiff's Motion as a Motion for a Clerk's Entry of Default and grants the request for a Clerk's Entry of Default.

**IT IS FURTHER ORDERED THAT** the court directs the Clerk of the Court to enter default against defendant Forman Industries, Inc. d/b/a FI Companies.

**IT IS SO ORDERED.**

**Dated this 31st of August, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
