## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CORPORATE LODGING CONSULTANTS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FORMAN INDUSTRIES, INC. D/B/A FI COMPANIES,**<br><br>**Defendant.** | Case No. 22-1139-DDC-GEB |

### MEMORANDUM AND ORDER OF DEFAULT JUDGMENT

This matter is before the court on plaintiff Corporate Lodging Consultants, Inc.'s (CLC) Amended Motion for Default Judgment (Doc. 14). Plaintiff asks the court to enter a default judgment against defendant Forman Industries, Inc. d/b/a FI Companies (FI Companies) under Fed. R. Civ. P. 55. For reasons explained below, the court grants plaintiff's Motion and directs the Clerk of the Court to enter a default judgment consistent with this Order.

**I.    Background**

Plaintiff served defendant with a summons and the Complaint (Doc. 2) on June 28, 2022. Doc. 8. And defendant has failed to answer, appear, or otherwise defend in this action, as required by law. So, defendant is in default under Fed. R. Civ. P. 55. On August 31, 2022, the Clerk of the Court entered default against defendant. Doc. 13.

Plaintiff's Complaint asserts three claims: (1) Breach of Contract (Count 1), (2) Unjust Enrichment (Count II), and (3) Contract Implied in Fact (Count III) against defendant FI Companies. Doc. 2 at 6–8 (Compl. ¶¶ 24–41). Plaintiff's Motion for Default Judgment seeks default judgment on Count I first, then, as alternatives, on Counts II and III. Plaintiff seeks

damages in the amount of $169,833.18 in principal, $6,760.11 in interest accrued through September 1, 2022, and $43,060.10 in late fees (under the breached contract) including accrued interest on those late fees. Doc. 14 at 10–12. Plaintiff also seeks $8,195 for attorneys' fees and $412.36 in costs. *Id.* at 12–13. Altogether, plaintiff seeks a judgment of $228,260.75 and post-judgment interest as provided by 28 U.S.C. § 1961(a).[1]

After plaintiff responded to the court's Order to Show Cause (Doc. 7), the court found that plaintiff had alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Doc. 9. Plaintiff also has alleged facts sufficient to establish that this court has personal jurisdiction over FI Companies.[2] The court can accept as true these factual allegations on a motion for default judgment. *Hermeris, Inc. v. McBrien*, No. 10-2483-JAR, 2012 WL 1091581,

---

[1] Under 28 U.S.C. § 1961, plaintiff is entitled to interest calculated "from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Our court has explained that "[a]warding post-judgment interest is mandatory." *Doran L. Off. v. Stonehouse Rentals, Inc.*, No. 2:14-2046-JAR-KGG, 2020 WL 707980, at *2 (D. Kan. Feb. 12, 2020) (citing *Bancamerica Com. Corp. v. Mosher Steel of Kan., Inc.*, 103 F.3d 80, 81 (10th Cir. 1996)).

[2] Kansas' long-arm statute authorizes exercise of any jurisdiction that is consistent with the United States Constitution, so the personal jurisdiction analysis under Kansas law collapses into the inquiry required by the Due Process Clause. *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). This due process inquiry imposes two requirements: (1) defendant must have minimum contacts with the forum state, and (2) exercising jurisdiction must not offend traditional notions of fair play and substantial justice. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

Plaintiff alleges that FI Companies entered into the "CheckInn Services Agreement" with it in Sedgwick County, Kansas. Doc. 14 at 4; Doc. 2 at 2 (Compl. ¶¶ 3, 7). The Agreement "included a forum-selection clause providing venue and consent of personal jurisdiction in Kansas courts," so, plaintiff argues, FI Companies should reasonably anticipate being haled into a Kansas Court. Doc. 14 at 4; Doc. 2 at 2 (Compl. ¶¶ 3, 7); Doc. 2-1 (Ex. A, Agreement). The court agrees that plaintiff's alleged facts satisfy the two-prong personal jurisdiction test. Entering into a contract in the forum state with a citizen of that state, and with a forum selection clause specific to that state, establishes minimum contacts with that state. *See Elec. Realty Assocs., L.P. v. Vaughan Real Est., Inc.*, 897 F. Supp. 521, 522 (D. Kan. 1995) (holding that a contract with a forum selection clause "precludes consenting individuals or corporations from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause [is] unreasonable"). And exercising jurisdiction over a party to that contract, who is aware it is doing business in the state, doesn't offend tradition notions of fair play and substantial justice. *See id.*

at *1 (D. Kan. Mar. 30, 2012). Thus, plaintiff has established that this court has jurisdiction to enter a default judgment against FI Companies.

## II. Legal Standard

Federal Rule of Civil Procedure 55 adopts a two-step process for securing a default judgment. First, Rule 55(a) authorizes the Clerk to enter a default against a party who "has failed to plead or otherwise defend" a lawsuit. Second, after the Clerk enters default, plaintiff may request the Clerk to enter judgment if the amount sought is "a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).

"Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (citations and internal quotation marks omitted). But, even after default, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998) (further citation omitted)). When deciding whether to enter a default judgment, a district court enjoys broad discretion. *Mathiason*, 187 F. Supp. 3d at 1274.

When ruling on a motion for default judgment, the court takes the factual allegations in the complaint as true, "except for those relating to the amount of damages." *Hermeris, Inc.*, 2012 WL 1091581, at *1. The court may award damages "'only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *DeMarsh v. Tornado Innovations*, *L.P.*, No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting *Adolph Coors Co. v. Movement Against Racism*

*& the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (further citations and internal quotation marks omitted)).

## III.   Analysis

Plaintiff's motion seeks a judgment of $219,653.39 based on three claims—breach of contract, unjust enrichment, and contract implied in fact.[3]  Doc. 14 at 10–12.  It also seeks $8,195 in attorneys' fees and $412.36 in costs.  *Id.* at 12–13.  Along with the Motion for Default Judgment (Doc. 14), plaintiff submitted detailed Affidavits establishing the amount and basis for requested damages and attorneys' fees.  *See* Doc. 10-2 (Woods Aff.[4]), Doc. 2-1 (Agreement), Doc. 2-4 (Invoices), Doc. 2-3 (Fee Schedule), Doc. 10-1 (Siebert Decl.[5]).

Plaintiff's Complaint satisfies the prima facie elements of each of its three claims.  First, in Kansas, to prove a breach of contract claim, a plaintiff plausibly must establish five elements: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform . . . (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach."  *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013) (citing *Com. Credit Corp. v. Harris*, 510 P.2d 1322, 1325 (Kan. 1973)).[6]  Plaintiff alleges that it entered the "CheckInn Services Agreement" (Agreement)

---

[3]    The $219,653.39 amount includes damages for breach of contract, late fees under the contract, and accrued interest on both.

[4]    *See* Doc. 10-2 at 3–6 (Woods Aff. Ex. A) (Exhibit A to Samantha Woods' Affidavit (plaintiff's counsel) includes detailed billing records accounting for the 30.9 hours Ms. Woods and an associate attorney devoted to the case).

[5]    Declaration of Kevin Siebert, VP of Operations for CLC, testifying to the legitimacy of the contracts attached as Exhibits.

[6]    The parties agreed that Kansas law would govern any dispute arising from their contract.  *See* Doc. 2 at 2 (Compl. ¶ 3); Doc. 2-1 at 7 (Ex. A, Agreement) ("Terms and Conditions shall be exclusively governed by and exclusively construed in accordance with the laws of the state of Kansas without regard to conflicts of laws principles or provisions.").

with FI Companies on April 5, 2021.  Doc. 2 at 2 (Compl. ¶ 6–7).  In the Agreement, plaintiff agreed to provide FI Companies with a "hotel discount program" and FI Companies agreed to pay for it.  *Id.* at 2–3 (Compl. ¶¶ 7–8).  FI Companies paid for plaintiff's services from the time it enrolled through March 4, 2022.  *Id.* at 3–4 (Compl. ¶¶ 11–12).  Then, it stopped paying.  *Id.*  By May 13, 2022, FI Companies "had at least twelve . . . invoices that were past due" to plaintiff, breaching the Agreement.  *Id.* at 4 (Compl. ¶ 12).  Taking these factual allegations as true, the court concludes that plaintiff has established sufficiently all five elements of a breach of contract claim.

Second, "[t]he elements of a claim for quantum meruit or unjust enrichment under Kansas law are as follows:  (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value."  *The Superlative Group, Inc. v. WIHO, L.L.C.*, No. 12-1468-JWL, 2014 WL 1385533, at *4 (D. Kan. Apr. 9, 2014) (internal citations and quotation marks omitted).  Many of the facts that support plaintiff's breach of contract claim, also support its unjust enrichment claim.  Plaintiff alleges it conferred a benefit upon FI Companies when it provided FI Companies with its "hotel savings program."  Doc. 2 at 2–3 (Compl. ¶¶ 7–8).  Plaintiff alleges that defendant knew about this benefit when it entered into the Agreement and, for some period, at least, paid for plaintiff's service.  *Id.* at 2–4 (Compl. ¶¶ 6, 11–12); *see id.* at 7 (Compl. ¶¶ 34–35).  Thus, plaintiff argues, FI companies unjustly enriched itself for more than the benefit conferred and plaintiff is entitled reimbursement for the reasonable value of the services FI Companies failed to pay plaintiff for providing.  *Id.* at 7

5

(Compl. ¶ 36).  The court thus concludes that plaintiff has established sufficiently the prima facie elements of its unjust enrichment claim.

Third, plaintiff's Complaint satisfies the prima facie elements of its contract implied in fact claim.  In Kansas, "[a] contract implied in fact arises from facts and circumstances showing mutual *intent* to contract."  *Allegri v. Providence-St. Margaret Health Ctr.*, 684 P.2d 1031, 1035 (Kan. Ct. App. 1984) (citation and internal quotation marks omitted).  Plaintiff's Complaint alleges that a "meeting of the minds and mutual assent" occurred between the parties when plaintiff offered FI Companies its service and FI Companies accepted and paid invoices for the service.  Doc. 2 at 7 (Compl. ¶ 38).  The court agrees with plaintiff.  Its Complaint sufficiently establishes a contract implied in fact claim.

Plaintiff also asserts that under its contract with FI Companies, it is entitled to attorneys' fees and costs arising from this lawsuit.  Doc. 14 at 9; Doc. 2 at 5–6 (Compl. ¶¶ 21–22).  Plaintiff correctly asserts that the Agreement between it and FI Companies makes FI Companies responsible for attorneys' fees "required to defend or prosecute any action to collect" charges due under the Agreement.  Doc. 2-1 at 3 (Ex. A., Agreement).  The court agrees that plaintiff is entitled to attorney's fees under the Agreement.  Thus, the court awards plaintiff $8,195 in fees.  But, the Agreement doesn't address costs, at least not explicitly.  Instead, the contract holds FI Companies responsible for "charges, *including but not limited to* attorney's fees required to defend or prosecute any action to collect on such charges."  Doc. 2-1 at 3 (Ex. A., Agreement) (emphasis added).  Plaintiff asserts that the Agreement makes FI Companies responsible for any "fees in connection with this lawsuit" and that this provision includes costs.  Doc. 14 at 9; Doc. 2 at 5–6 (Compl. ¶ 21); Doc. 10-1 at 2 (Siebert Decl. ¶ 10) ("[U]nder Section 3 of the Agreement, FI Companies is responsible for attorneys' fees and expenses in connection with any actions

6

taken by CLC to collect upon FI Companies' outstanding and unpaid debt."). The court, accepting the facts alleged in the Complaint as true (including plaintiff's interpretation of the Agreement to cover costs), agrees that plaintiff is entitled to costs under the Agreement.[7] Thus, the court awards plaintiff $412.36 in costs.

The court has reviewed plaintiff's supporting materials and finds that the record adequately reflects the basis for the damages award and attorneys' fees award requested. *See Hermeris, Inc.*, 2012 WL 1091581, at *2 (holding that no hearing was required when the record "contains sufficiently detailed affidavits and other documents by which the Court can determine damages without an evidentiary hearing"). So, the court grants plaintiff's request for entry of default judgment.

In sum, plaintiff has established that defendant is liable to plaintiff for breach of contract, unjust enrichment, and an implied in fact contract. Also, plaintiff has submitted evidence establishing that it has sustained damages from defendant's breach of contract, unjust enrichment, and breach of implied in fact contract in the amount of $219,653.39. Doc. 10-1 at 23 (Siebert Decl. ¶¶ 5–14). The court emphasizes, however, that plaintiff may make just one recovery. So, while plaintiff has demonstrated that it deserves to prevail on all three claims, its filings demonstrate that it deserves to recover this total amount just once.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Entry of Default Judgment (Doc. 14) is granted for Counts I, II, and III. Under Fed. R. Civ. P. 55 and Local Rule 77.2, the Clerk of the Court is instructed to enter judgment against defendant FI Companies in the total amount of $169,833.18 in principal, plus accrued interest through

---

[7]  *See Hermeris, Inc.*, 2012 WL 1091581, at *1 (when ruling on a motion for default judgment, the court accepts as true all the factual allegations in the complaint except those related to damages). Even if the court found that plaintiff didn't prove the Agreement entitled it to recover costs, plaintiff could move to recover costs as the prevailing party under Fed. R. Civ. P. 54(d)(1).

7

September 1, 2022 in the amount of $6,760.11, plus $43,060.10 in late fees and interest on those fees, plus $8,195 in attorneys' fees, plus $412.36 in costs.  The court also instructs the Clerk to award plaintiff post judgment interest at the rate provided in 28 U.S.C. § 1961 from the date of the judgment's entry.

**IT IS SO ORDERED.**

**Dated this 6th of December, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**